O’Connell, J.
The plaintiff in error seeks to reverse a judgment of a justice of the peace wherein said justice of the peace overruled its motion to discharge an attachment levied on its property.
In the justice court August Brankamp was plaintiff and ITenry Roever was defendant. The P., C., C. & St. L. Railway Company and the B. & O. S. W. Railway Company were garnishees and answered that they had no money, etc., the property of ITenry Roever, but that they did have money the property of the Modoc Soap Company. ITenry Roever is a non-resident of Ohio, but is an officer of the Modoc Soap' Company, an *253 Ohio corporation. The bill of exceptions from the magistrate’s court shows the following facts:
“April 11th, 1907, 9 a. m. and one hour thereafter, came plaintiff and defendant came not; whereupon it appearing to me that certain moneys had been-taken under and by virtue of this order of' attachment and garnishment herein issued, and it further .appearing to me that service of summons can not be had upon the defendant in the within county, in the manner prescribed by law, it is now ordered that the case be continued forty-seven days to May 28th, 1907, at 9 a. m., for the purpose ■of securing service by publication according to law. ’ ’
And also at page 6:
“The plaintiff * * * offered no evidence upon said motion, but objected that said the Modoc Soap Company, a corporation, was not a party to said action and had no right to be heard therein. ’ ’
The bill of exceptions also shows that at the hearing affidavits were filed on behalf of the Modoc Soap Company in support of its motion to discharge the attachment whereby .its money was held.
Section 5121, Revised Statutes, defines a motion as—
“An application for an order addressed to a court, or to a judge, by a party to a suit or proceeding, or one interested therein.”
This section is applicable to proceedings before a justice of the peace and under its provisions the Modoc Soap Company certainly had a right to be heard in a proceeding in which its money was wrongfully withheld from it; it assuredly was “interested therein.”
Our Supreme Court in the case of Collender et al v. Painsville & Hudson R. R. Co., 11 O. S., 516, at page 520 of the opinion, says:
“It is always the right of a party in a case to invoke the action of the court in this manner [by motion] for a proper cause. And this right of making and being heard on motion, has also very properly been extended by the courts to those having an interest in the subject-matter, though not parties. Thus in actions of replevin, attachment, and in cases of distribution of money, it has been the practice to entertain and hear motions made by persons in interest, though strangers to the record-.”
*254 The garnishees answered that they had no money or other property in their possession the property of Iienry Roever; but that they did have money the property of the Modoc Soap Company.
The evidence is undisputed that the Modoc Soap Company is not Iienry Roever, that he is not doing business as the Modoc Soap Company, and that the Modoc Soap Company is an Ohio corporation. Yet the justice refused to discharge .the attachment levied upon the property of the Modoc Soap Company, and overruled their motion, on the ground that not being parties to the suit they had “no right to be heard.”
The company filed its motion as it had a right to, under Section 5121, Revised Statutes,
Plainly the only objection the magistrate had in holding the money of the Modoc Soap Company in the suit was by attachment proceedings to obtain in the statutory manner jurisdiction of the defendant, Henry Roever.
“Certain moneys taken under and by virtue of this order of attachment” (Record, page 4) could give him jurisdiction provided such moneys were the property of the defendant. But that the moneys of a total stranger to the record could be attached and held by a magistrate because of his desire to obtain jurisdiction of the defendant is an entirely different proposition.
It can be seen at a glance what abuses such practices could lead to were they to be tolerated and receive judicial sanction.
The facts in the case at bar present entirely different aspects from those coming before the circuit court as reported in Gales v. Penn. Land & Lumber Co., 9 C. C., 378, which apparently holds contrary to 11 O. S., 516, supra.
I do not think in equity that the Murdoc' Soap Company should be compelled to enter suit against the railroad companies to recover the moneys — in one case $751.37 and in the other $250.52 — which they are compelled by order of the magistrate to hold in these attachment proceedings.
This would be their only remedy, as the property being money neither replevin nor other auxilliary remedy could be had.
The cases cited by counsel for defendant in error either appertain to the right of defendants and garnishees to be heard in the attachment proceedings — notably 39 O. S., 218 (Secor v. *255 Witler) — or they present a state of facts not at all comparable to the case at bar.
Poivel Crosley, for plaintiff in error.
Cobb, Ho-warcl <& Bailey, for defendant in error.
From the entire record as presented by the bill of exceptions, I am of the opinion that the justice erred in overruling the motion of the Modoc Soap Company to discharge the attachment. They had a right to be heard in the case, and under the evidence as presented, their motion should have been granted.
For these reasons the judgment of the magistrate is reversed and the cause remanded for further proceedings in accordance with this judgment.